FILED by VT     D.C.
ELECTRONIC

March 9, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ROBERT ERIC SILVERSTONE**          **09-CV-80400-Zloch-Snow**

    Plaintiff,                                           Judge:

    v.                                                         Case no:

**TRIBUTE/FIRST BANK OF DELAWARE;**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

    Defendant.
_____/

### COMPLAINT
### (& Jury Demand)

Comes now, the Plaintiff, **Robert Eric Silverstone** (Hereinafter referred to as "**the Plaintiff**"), on behalf of himself and by and through undersigned counsel, who files this original complaint against the Defendants, Tribute/First Bank of Delaware (hereinafter referred to as "**Tribute**") and Experian Information Solutions, Inc. (hereinafter referred to as "Experian"), and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., as amended (hereinafter referred to as the

1

"**FCRA**") and the Florida Consumer Collection Practices Act, §559 et seq., as amended (hereinafter referred to as the "**FCCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendant **Tribute** is a business entity that regularly conducts business in the State of Florida and therefore is a citizen of the State of Florida. **Tribute** is a "furnisher of information" as defined in 15 U.S.C. §1681 et seq., and as such, is subject to the jurisdiction of the court in this case.

## VENUE

4. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

   a. The violations of the FCRA alleged below occurred and/or were committed in **Palm Beach County,** State of Florida, within the Southern District of Florida;

   b. At all times material hereto, the Defendant was and continue to be corporations engaged in business activities in Palm Beach County, Florida and as such is a citizen of the State of Florida.

5. The Plaintiff, is an individual residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681 et seq.

2

## **FACTS COMMON TO ALL COUNTS**

6. Plaintiff is an "individual consumer" as defined by the FCRA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with defendant **Tribute**, account #525983000239XXXX.

7. On or prior to August 2008, Defendant, **Tribute,** as a furnisher of information to credit reporting agencies, inaccurately reported the Plaintiff's account to Equifax, Trans Union, and Defendant **Experian** multiple times on account #525983000239XXXX.

8. Since before August 2008, Plaintiff has had numerous communications with Defendant **Tribute** where Defendant **Tribute** acknowledges Plaintiff has only has a single account #525983000239XXXX with Defendant **Tribute**.

9. On or around August 26, 2008, Plaintiff, through counsel, sent dispute letters to the three major credit reporting agencies, Equifax, Trans Union, and Defendant **Experian** disputing the identical accounts with Defendant **Tribute** reflected on Plaintiff's credit reports.

10. Defendant **Experian** has inaccurately reported the defendant **Tribute** account #525983000239XXXX multiple times even though Defendant **Experian** knew or should have known this account number should only be reported once.

3

11. Based on the results of the investigation undertaken by Equifax, Trans Union, and Defendant **Experian,** Defendant **Tribute** has failed to accurately and completely modify and/or update the information of the account in question.

12. Defendant **Experian** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

13. Defendant **Experian** also obtained trade line or account information from Defendant **Tribute** but has no internal procedures to check and compare the consistency of the data obtained from these two means.

14. Additionally, the credit reporting agency defendant, **Experian**, has been specifically requested per 15 U.S.C. §1681i(a)(6) and (7) to provide a description of the procedure used to determine the accuracy and completeness including the business name, address, and telephone number but have failed to comply.

15. Plaintiff has been damaged as a direct and proximate cause of all of the Defendants' actions.

16. Plaintiff has suffered damage to his credit worthiness.

17. Plaintiff has been damaged because this misleading information and/or errors have impaired his ability to build his credit worthiness and to obtain new financial lending.

18. As a direct result of said errors, Defendants have misinformed third parties as to the status of this account. Defendants have reflected credit information which is incorrect, inaccurate, misleading and/or false.

19. Additionally, the errors being reported have reduced the Plaintiff's credit score thereby impacting his ability to obtain financing. The result of all of the above has caused mental, physical, and emotional anguish and humiliation to the Plaintiff.

20. As a result of Defendant **Tribute**'s continued failure to correct its reporting to the credit reporting agencies, Plaintiff's credit score has suffered.

## COUNT ONE

## VIOLATIONS OF THE FCRA - 15 U.S.C. §1681 et seq. AGAINST

## EXPERIAN

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully stated herein.

22. The defendant "credit reporting agency" **Experian** willfully and/or negligently violated the provisions of the FCRA on multiple occasions in the following manner:

    a. By willfully and/or negligently failing to follow reasonable procedures in the preparations of the consumer report concerning

the Plaintiff and to assure maximum possible accuracy of the information in the report.

b. By willfully and/or negligently failing to disclose the nature and substance of all information in it's files on the Plaintiff at the time of the requests in violation of 15 U.S.C. §1681g(a).

c. By willfully and/or negligently failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. §1681i(a).

d. By willfully and/or negligently failing to contact some or all of the sources suggested by the Plaintiff during the re-investigation in violation of 15 U.S.C. §1681i(a).

e. By willfully and/or negligently failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof, in violation of 15 U.S.C. §1681i(c).

f. By willfully and/or negligently violating 15 U.S.C. §1681i(6) and (7) and failing to comply with the notice of results of reinvestigation provision within 15 days of the request.

23. As a result of this conduct, action and inaction of the defendant credit reporting agency **Experian**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

24. The conduct, action and inaction of the Defendant **Experian** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

25. In the alternative, **Experian** was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

26. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the defendant credit reporting agency **Experian** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the individual defendant **Experian** for:

   a. Actual Damages pursuant to §1681n(a)(1)(A) and §1681o(a)(1);

   b. Statutory damages up to $1000.00 pursuant to §1681n(a)(1)(B);

   c. Attorney's fees, litigation expenses and costs of suit pursuant to §1681n(a)(3) and §1681o(a)(2); and

   d. For such other and further relief as the Court may deems just, equitable, and proper.

7

## COUNT TWO

## VIOLATIONS OF THE FCRA - 15 U.S.C. §1681s-2(b) AGAINST

## TRIBUTE

27. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully stated herein.

28. Plaintiff is an "individual consumer" as defined by the FCRA and is alleged to have incurred financial obligations for primarily personal, family or household purposes, or more specifically an alleged debt with Defendant **Tribute**.

29. Upon information and belief (including but not limited to verification and responses to dispute letters from the individual credit reporting agencies), Defendant **Tribute** was contacted by the credit reporting agencies to which they were reporting the information in question and requested to update the account information as requested by the Plaintiff.

30. At all times pertinent hereto, Defendant **Tribute** was a "person" as that term is defined by 15 U.S.C. §1681a(b) and "furnisher of information" to the credit reporting agencies.

31. The Defendant **Tribute** violated 15 U.S.C. §1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act. Throughout the entire course of its actions, **Tribute** willfully and/or negligently violated these provisions of the FCRA in the following manner:

8

a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

f. By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

g. By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

32. As a result of this individual conduct, action and inaction of defendant **Tribute**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowered credit rating, the mental and

9

emotional pain and anguish and the humiliation and embarrassment of the credit denials.

33. The individual conduct, action and inaction of defendant **Tribute** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

34. In the alternative, its conduct, action and inaction was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

35. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the defendant **Tribute** in an amount to be determined by the Court pursuant to §1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the defendant **Tribute** for:

   a. Actual Damages pursuant to §1681n(a)(1)(A) and §1681o(a)(1);

   b. Statutory damages up to $1000.00 pursuant to §1681n(a)(1)(B);

   c. Attorney's fees, litigation expenses and costs of suit pursuant to §1681n(a)(3) and §16810(a)(2); and

   d. For such other and further relief as the Court may deems just, equitable, and proper.

Additionally the Plaintiff prays that the Defendant **Tribute** immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information.

## COUNT THREE

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT TRIBUTE

36. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully stated herein.

37. That Defendant **Tribute** violated the Florida Consumer Collection Practices Act §559 *et seq.* including, but not limited to, violations of §559.72(9), by claiming a debt when such person knows that the debt is not legitimate, to wit, reporting the same debt/account number to credit reporting agencies multiple times despite receiving inquiries from the credit reporting agencies regarding the veracity of this multiple reporting. Defendant **Tribute** knew that Plaintiff had but a single account numbered 525983000239XXXX with the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **Tribute** for an award of:

11

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 3rd day of March, 2009.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC**
**20423 State Road 7**
**Suite F6-477**
**Boca Raton, FL 33498**
**Tel: 954-334-7670**
**Fax: 954-334-7668**

_[signature]_

**Filed by: Paul A. Herman, Esq**
**FL Bar #0405175**
**Joel A. Brown, Esq**
**FL Bar #0066575**
**Attorney for Plaintiff**

JS 44 (Rev. 11/05)                                               **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
ROBERT ERIC SILVERSTONE

### DEFENDANTS
TRIBUTE/FIRST BANK FO DELAWARE; EXPERIAN INFORMATION SOLUTIONS, INC.

**(b)** County of Residence of First Listed Plaintiff  PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  PALM BEACH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
FAIR CREDIT LAW GROUP (PAUL A HERMAN, JOEL A BROWN) 3330 NW 53RD STREET, SUITE 306 FORT LAUDERDALE, FL 33309

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

9:09cv80400-WJZ-LSS

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☑ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 720 Labor/Mgmt. Relations |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |
| ☐ 730 Labor/Mgmt.Reporting & Disclosure Act |  |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO

JUDGE                                               DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 USC 1681 et seq (FCRA), 15 USC 1692 et seq (FDCPA)

LENGTH OF TRIAL via TWO days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD                         DATE 3/3/09

FOR OFFICE USE ONLY
AMOUNT 350       RECEIPT # 545669       IFP