IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ROBERT ERIC SILVERSTONE,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **TRIBUTE/FIRST BANK OF** ) <br> **DELAWARE; and EXPERIAN** ) <br> **INFORMATION SOLUTIONS, INC.** ) <br> ) <br>     **Defendants.** ) <br> _____) | **Case No.:  09-CV-80400-Zloch-Snow** |

_____

**ANSWER AND AFFIRMATIVE DEFENSES OF FIRST BANK OF DELAWARE,
IMPROPERLY NAMED AS TRIBUTE/FIRST BANK OF DELAWARE,
TO PLAINTIFF'S COMPLAINT**
_____

COMES NOW, Defendant First Bank of Delaware, improperly named as Tribute/First Bank of Delaware ("FBOD"), for its Answer to Plaintiff's Complaint, states:

**JURISDICTION AND VENUE**

1.  Admitted in part and denied in part.  FBOD admits only that Plaintiff claims that this action arises under 15 U.S.C. § 1681, *et seq.,* and that such claims lie within the original jurisdiction of this Court.  Except as expressly admitted herein, FBOD denies the allegations of paragraph 1 of the Complaint.

2.  Admitted in part, denied in part.  FBOD admits only that 15 U.S.C. § 1681p provides for the jurisdiction in the district court for matters arising under 15 U.S.C. § 1681, *et seq.*  Except as expressly admitted herein, FBOD denies the allegations of paragraph 2 of the Complaint.

3. Admitted in part, denied in part. FBOD admits only that it is a business entity (although improperly named) which furnisher information to credit reporting agencies. FBOD denies, however, that the term "furnisher of information" is a defined term and therefore, FBOD denies such characterization as vague and susceptible to various interpretations. FBOD denies any remaining allegation of paragraph 3 of Plaintiff's Complaint not specifically addressed.

**VENUE**

4. Denied. FBOD denies the allegations contained in paragraph 4 of the Complaint.

5. Denied. After a reasonable investigation, FBOD is without knowledge or information sufficient to respond to the allegations of paragraph 5 of the Complaint and they are therefore deemed denied.

**FACTS COMMON TO ALL COUNTS**

6. Admitted in part, denied in part. FBOD admits that Plaintiff has incurred a debt in regard to Tribute card account #525983000239XXXX. As to the remaining allegations contained in paragraph 6 of the Complaint, FBOD is without knowledge or information to respond and they are therefore deemed denied.

7. Denied. FBOD denies the allegations contained in paragraph 7 of the Complaint.

8. Denied. FBOD denies the allegations contained in paragraph 8 of the Complaint because the term "numerous communications" is vague, susceptible to various interpretations and FBOD is unsure how the term is being used by Plaintiff. Suffice to say, however, that FBOD has received and has responded to a query by Plaintiff.

9. Denied. After a reasonable investigation, FBOD is without knowledge or information sufficient to respond to the allegations of paragraph 9 of the Complaint and they are therefore deemed denied.

10. Denied. After a reasonable investigation, FBOD is without knowledge or information sufficient to respond to the allegations of paragraph 10 of the Complaint and they are therefore deemed denied.

11. Denied. FBOD denies the allegations contained in paragraph 11 of the Complaint.

12. Denied. FBOD denies the allegations contained in paragraph 12 as a conclusion f law to which no response is required.

13. Denied. FBOD denies the allegations contained in paragraph 13 of the Complaint.

14. Denied. After a reasonable investigation, FBOD is without knowledge or information sufficient to respond to the allegations of paragraph 14 of the Complaint and they are therefore deemed denied.

15. Denied. FBOD denies the allegations contained in paragraph 15 of the Complaint.

16. Denied. FBOD denies the allegations contained in paragraph 16 of the Complaint.

17. Denied. FBOD denies the allegations contained in paragraph 17 of the Complaint.

18. Denied. FBOD denies the allegations contained in paragraph 18 of the Complaint.

19. Denied. FBOD denies the allegations contained in paragraph 19 of the Complaint.

20.     Denied.  FBOD denies the allegations contained in paragraph 20 of the Complaint.

## COUNT ONE

21.     FBOD repeats its answers above as though more fully set forth herein at length.

22-26.  The allegations contained in paragraphs 22 through 26, inclusive, are directed to defendants other than FBOD and, therefore, no response from FBOD is required.  However, to the extent a response is required, FBOD denies each and every allegation and leaves Plaintiff to his proof.

WHEREFORE, FBOD prays that judgment be entered against Plaintiff, that Count One of Plaintiff's Complaint be dismissed with prejudice, that FBOD be awarded its counsel fees and costs, and Plaintiff takes nothing.

## COUNT TWO

27.     FBOD repeats its answers above as though more fully set forth herein at length.

28.     Denied.  FBOD denies the allegations contained in paragraph 28 of the Complaint as a conclusion of law to which no response is required.  However, to the extent a response is required, after a reasonable investigation, FBOD is without knowledge or information sufficient to respond to the allegations of paragraph 28 of the Complaint and they are therefore deemed denied.

29.     Denied.  FBOD denies the allegations contained in paragraph 29 of the Complaint.

30.     Admitted in part, denied in part.  FBOD admits that it is a "person," as defined in 15 U.S.C. § 1681a(a).  FBOD denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Denied. FBOD denies the allegations contained in paragraph 31 of the Complaint.

32. Denied. FBOD denies the allegations contained in paragraph 32 of the Complaint.

33. Denied. FBOD denies the allegations contained in paragraph 33 of the Complaint.

34. Denied. FBOD denies the allegations contained in paragraph 34 of the Complaint.

35. Denied. FBOD denies the allegations contained in paragraph 35 of the Complaint.

WHEREFORE, FBOD prays that judgment be entered against Plaintiff, that Count Two of Plaintiff's Complaint be dismissed with prejudice, that FBOD be awarded its counsel fees and costs, and Plaintiff takes nothing.

## **COUNT THREE**

36. FBOD repeats its answers above as though more fully set forth herein at length.

37. Denied. FBOD denies the allegations contained in paragraph 37 of the Complaint.

38. FBOD denies any and all remaining allegations contained in Plaintiffs' Complaint not expressly admitted herein**.**

WHEREFORE, FBOD prays that judgment be entered against Plaintiff, that Count Three of Plaintiff's Complaint be dismissed with prejudice, that FBOD be awarded its counsel fees and costs, and Plaintiff takes nothing.

Case No.:  09-CV-80400-Zloch-Snow

## AS FOR ITS AFFIRMATIVE DEFENSES, FBOD SAYS:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against FBOD upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any claimed damages, injuries or losses.

### THIRD AFFIRMATIVE DEFENSE

FBOD has, at all material times with respect to Plaintiff in good faith, and complied fully with the Fair Credit Reporting Act, 15 U.S.C. § 1601, *et seq.* (hereinafter the "FCRA").

### FOURTH AFFIRMATIVE DEFENSE

Based upon the allegations upon which Plaintiff's claim is made, FBOD is immune from suit under the FCRA, under 15 U.S.C. § 1681(h), or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was not caused by any act or omission of FBOD.

### SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was caused by Plaintiff's own conduct or the conduct of others over which FBOD has no control or authority.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff, FBOD's conduct and the purported inaccurate reporting was privileged and/or true and accurate.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

Case No.:  09-CV-80400-Zloch-Snow

## NINTH AFFIRMATIVE DEFENSE

First Horizon denies that Plaintiffs are entitled to recover punitive damages based on the allegations set forth in Plaintiffs' Complaint.  First Horizon further states that the imposition of punitive damages violates the provisions of the due process clause, equal protection clause, excess fines clause and other clauses contained in the Constitutions of the United States, Florida and other states.  Further, the correct burden of proof for the imposition of punitive damages is by "clear and convincing evidence" and/or "beyond a reasonable doubt."  Any lesser standard violates the provisions of the due process clause of the Constitutions of the United States, Florida and other states.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were proximately caused by the conduct of parties other than FBOD, and recovery is therefore barred or proportionately reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs' alleged damages were proximately caused by the conduct of more than one party, any recovery must be apportioned as to the fault of each.

Respectfully submitted,

Dated:  April 6, 2009

**OF COUNSEL:**

Brett L. Messinger
(motion *pro hac vice* to be filed)
Cronk@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215.979.1508 / Fax: 215.689.4903

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Phone: 305.960.2200 / Fax:  305.397.1874

        s/ Warren D. Zaffuto         __
Harvey W. Gurland, Jr., P.A.
Florida Bar No. 284033
HWGurland@duanemorris.com
Warren D. Zaffuto, Esq.
Florida Bar No. 074346
WDZaffuto@duanemorris.com
Attorneys for Defendant, *First Bank of Delaware, improperly named as Tribute/First Bank of Delaware*

Case No.: 09-CV-80400-Zloch-Snow

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2009, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF FIRST BANK OF DELAWARE, IMPROPERLY NAMED AS TRIBUTE/FIRST BANK OF DELAWARE, TO PLAINTIFF'S COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF which will send a notice of electronic filing to the following: **Paul Aaron Herman, Esq.**, Fair Credit Law Group, LLC, 20423 State Road 7, Suite F6-477, Boca Raton , FL 33498; **Joel Adrian Brown, Esq.**, The Fair Credit Law Group, LLC, 3389 Sheridan Street, Suite 245, Hollywood, FL 33021; and **Maria Helena Ruiz, Esq.**, Kasowitz, Benson, Torres & Friedman LLP, 2 South Biscayne Blvd., Suite 2650, Miami, FL 33131.

                                                       s/ Warren D. Zaffuto
                                                       Warren D. Zaffuto

DM1\1593704.1